JOHN H. SKILLMAN, RESPONDENT, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, APPELLANT.

Submitted March 25, 1925—Decided October 21, 1925.

1. R. K. entered into a contract with the freeholders of Mercer for the construction of a pavement and gave a bond with the U. S. F. & G. Co. as surety for the faithful performance thereof, with condition, *inter alia,* that R. K. should make payment of all proper charges for labor and materials required in the work, and

indemnify and save harmless the freeholders against and from all suits and costs of every name and description. Plaintiff, J. H. S., did work for R. K. in the performance of the contract, and, being unpaid, brought suit against him and the U. S. F. & G. Co. for the amount. *Held*, that the liability of the U. S. F. & G. Co., surety on the bond, must be strictly construed and cannot be extended by implication beyond the precise terms of the undertaking—the contract of suretyship being *strictissimi juris*.

2. As J. H. S. was not named as an obligee in the bond sued on, and as it was not by express terms nor impliedly made for his benefit, the U. S. F. & G. Co., being only surety on the instrument, is not liable for the debt due from R. K. to J. H. S., and, therefore, the judgment in the latter's favor must be reversed.

3. *Standard Gas Power Corp.* v. *New Eng. Casualty Co.*, 90 *N. J. L.* 570, followed and applied.

4. As this cause was tried upon an agreed state of facts before the judge, a jury being waived, and he having misdirected himself in point of law and entered a wrong judgment, this court, in reversing, there being no disputed facts, will not award a *venire de novo*, but will order such judgment to be entered in the court below as it appears by the record ought to have been entered.

On appeal from the Supreme Court.

For the appellant, *Hutchinson & Hutchinson.*

For the respondent, *James J. McGoogan.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff sued the defendants (Klockner and United States Fidelity and Guaranty Company) in the Supreme Court for work and labor in having rendered services to the defendant Klockner in the execution by him for the board of chosen freeholders of the county of Mercer, of a contract between the board and him, for the construction of a pavement in a public highway. Klockner, as required, gave bond to the freeholders to secure the faithful performance of the contract, with the United States Fidelity and Guaranty Company as surety, as hereinafter set out.

The case was tried at Circuit before Judge Donges, without a jury, on a stipulation of facts, and judgment was ren-

dered in favor of the plaintiff against both defendants, from which the defendant United States Fidelity and Guaranty Company alone has appealed.

The trial judge rightly held that the sole question presented was whether or not the bond was made for the plaintiff's benefit, but wrongly decided that it was.

The plaintiff in this case is not an obligee named in the bond, and there can be no pretense that he would have any right whatever to sue the surety thereon were it not for section 28 of the Practice act (*Comp. Stat., p.* 4059), which provides that any person for whose benefit a contract is made, whether such a contract be under seal or not, may maintain an action thereon in any court, notwithstanding the consideration of such contract did not move from him. And this he was entitled to do if the contract were, in fact, made for his benefit. See *Edwards* v. *Association,* 68 *Atl. Rep.* 800; *Holt* v. *United Security Life Ins. Co.,* 76 *N. J. L.* 585, 598.

But we think that the present plaintiff is not within the statute, and that the case of *Standard Gas Power Corp.* v. *New England Casualty Co.,* 90 *N. J. L.* 570, in this court, which is entirely favorable to the appellant, is controlling and requires reversal of the judgment. The bond in that case provided as follows:

"The condition of this obligation is such that if the said principal shall well and truly keep and perform this said contract on its part to be kept and performed, and shall also pay for all labor performed and furnished, and for all materials used in carrying out of said contract, then this obligation shall be void; otherwise, it shall remain in full force and virtue."

And the contract—

Article 13. "The contractor shall assume the defense of and indemnify and save harmless the commissioners and other officers and agents from all claims relating to labor and materials furnished for the work," &c.

The bond in the instant case provides as follows:

"The condition of this obligation is such that if the above

bounden Russell Klockner shall well and truly perform his part of the contract hereto annexed, and make payment of all proper charges for labor and materials required in the afore-mentioned work, and indemnify and save harmless the party of the first part to the contract annexed, its officers, agents and servants, and each and every one of them against and from all suits and costs of every name and description, * * * then this obligation to be void, otherwise to remain in full force and virtue."

And the reference to surety contained in the contract is as follows:

"The party of the second part will make payment of all proper charges for labor and materials required in the afore-mentioned work, and indemnify and save harmless the party of the first part, its officers, agents and servants, and each and every of them, against and from all suits and costs of every name and description."

In the Standard Gas Power case this court said: "No doubt where, as here, a bond refers to another contract and is conditioned for the performance of the specific agreements set forth therein, such contract, with all its stipulations, limitations or restrictions, becomes a part of the bond, and the two shoud be read together and construed as a whole. * * * The intent and purpose which the commissioners had in requiring it [the bond] were twofold: The protection of the public interest in the proper performance of the work and the protection of the commissioners from all liability for claims on account of the work. The language of the bond, apart from the condition therein, clearly indicates that the bond is solely for the benefit of the obligee, and the condition of the bond is a mere limitation and restriction upon the language found in the obligation thereof. * * * But it does not appear that the bond was made or intended to be made for the protection of persons furnishing materials to the contractor, who, at most, were merely indirectly or incidentally advantaged thereby." And this language is equally pertinent to the facts of the case *sub judice,* where a workman, instead of a materialman as in the Standard Gas

Power case, is involved, as the same principle applies. Now, in the instant case, there is a provision in the specifications:

"The contractor will be required to execute and deliver, within thirty days of awarding of contract, and as a condition of approval of said award, a bond with such sureties as shall be approved by the governing body to secure the faithful performance of the contract and to indemnify and save harmless the said body from all suits or actions of any name or description. Also to secure the payment of all laborers and materialmen who have performed work or furnished material to the contractor in the prosecution of the work. The form and conditions of the bond provided for in this paragraph and to be used is hereto attached and bound herewith and made a part hereof."

It is not perceived that this provision of the specifications requiring the particular bond lends any efficacy to the bond itself, when given. Although nothing is said about it in the report of the Standard Gas Power case (90 *N. J. L.* 570), nevertheless, in the printed appeal cases, bound and filed in the state library (volume 722, 1918), the notice to bidders for the contract in that case, and the form of contract and bond to be executed by the successful bidder, are referred to and pointed out as residing in a pamphlet available to prospective bidders. The specifications read in part:

"Notice to contractors. * * * All bids must be made upon the blank form of proposal annexed hereto. * * * A bond in the sum of twenty thousand dollars [$20,000], and in form approved by the Passaic valley sewerage commissioners, with two or more sureties, or with a surety company as surety, will be required for the faithful performance of the contract."

Thus it appears that in the Standard Gas Power case the form of bond was required by the specifications as well as the contract, the same as in the instant case, and, therefore, in that respect, the two cases stand on a par. So we go back to the bond in both cases as determining the contract of indemnity and·consequent liability of the surety.

As against sureties, no implications are to be made in giving construction to the terms of a bond not clearly embraced within the language used, as it is well settled that sureties are only chargeable according to the strict terms of the bond. 9 *C. J.* 32; *citing Miller* v. *Stewart*, 9 *Wheat.* (*U. S.*) 680; 6 *L. Ed.* 189. See, also, *Leggett* v. *Humphrey*, 21 *How.* (*U. S.*) 66; 16 *L. Ed.* 50. The undertaking of a surety on a bond must be strictly construed, and he cannot be held liable beyond the precise terms of his undertaking. *Ovington* v. *Smith*, 78 *Ill.* 250. So strictly is this doctrine enforced in this case (Ovington *v.* Smith) that on a bond given to two parties who were enjoined—the condition being that the obligors should pay all damages that might be awarded against the complainant on dissolution of the injunction, which was dissolved as to one of the defendants, and damages assessed in his favor in a suit brought on the injunction bond—the surety was held not liable, his undertaking being to pay damages to the two parties upon dissolution, and not to one upon dissolution of the injunction as to him alone. See, also, *Lang* v. *Pike*, 27 *Ohio St.* 498. Sureties are favored in law, and the contract of a surety must be strictly construed and cannot be extended by implication beyond the precise terms of the undertaking. *Baker* v. *Peterson*, 300 *Ill.* 526.

Now, as the plaintiff-respondent was not named as obligee in the bond sued on, and as it was not by express terms nor impliedly made for his benefit, the defendant-appellant being only a surety on that instrument, its liability must be strictly construed, and cannot be extended by implication so as to make the plaintiff-respondent a beneficiary of its provisions— the contract of suretyship being *strictissimi juris*. *First Com. Bank* v. *Valentine*, 139 *N. Y. Supp.* 1037, 1039.

The views above expressed lead necessarily to a reversal of the judgment under review, and as the case was tried upon an agreed state of facts before the judge, a jury being waived, and he having misdirected himself in point of law (*Hulley* v. *Moosebrugger*, 88 *N. J. L.* 161) and entered a wrong judgment, this court, in reversing, there being no disputed facts,

will not award a *venire de novo,* but will order such judgment to be entered in the court below as it appears by the record ought to have been entered. The record will therefore be remitted, with direction to the Supreme Court to enter judgment for the defendant-appellant. *Dubelbeiss* v. *West Hoboken,* 82 *Id.* 683.

WHITE, J. (dissenting). The specifications required the contractor to give a bond to indemnify the municipality and "also to secure the payment of all laborers and materialmen who have performed work or furnished material to the contractor in the prosecution of the work. The form and condition of the bond provided for in this paragraph and to be used is hereto attached and bound herewith and made a part hereof."

The surety company executed the bond so described with the contract, including these specifications attached to it.

I think the purpose of the prescribed form of bond as clearly defined in the specifications attached to it was quite sufficiently indicated and made a part of the bond to make the laborers and materialmen in question parties for whose benefit and protection the bond was given within the meaning of our act, and that they are therefore entitled to recover thereunder against the surety.

In the Standard Gas Power Company case (90 *N. J. L.* 570) the contract required the furnishing of a bond to indemnify and save harmless the municipality from all claims relating to labor and materials furnished for the work, and the form of the bond prescribed to carry out this undertaking of the contract to give a bond indemnifying the municipality, provided as a condition to secure this indemnity the payment for labor and materials furnished. The entire purpose of the bond as expressly provided in the attached contract was the indemnity of the obligee in the bond. I think this quite different from the purpose of the bond in the instant case as defined in the attached contract, which was both indemnity of the obligee and payment to the laborers and materialmen.

I am requested by Justices Parker, Black, Kalisch and Katzenbach, and by Judges Gardner and Van Buskirk, to say that they concur in the views above expressed.

*For affirmance*—PARKER, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, VAN BUSKIRK, JJ.    7.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, CAMPBELL, LLOYD, McGLENNON, KAYS, JJ.    8.