J. JACOB SHANNON & COMPANY, PLAINTIFF, v. CON-
TINENTAL CASUALTY COMPANY, A CORPORATION,
DEFENDANT.

Submitted May 31, 1929—Decided February 3, 1930.

For the plaintiff, *Andrew J. Whinery.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

CASE, J.  These are cross appeals.  Plaintiff furnished ma-
terials on a public work to a contractor who was bonded by
the defendant under, and in substantially the language of,
the statute.  *Pamph. L.* 1918, *ch.* 75, § 4; 1 *Cum. Supp.,*

*pp*. 107, 149, *ch*. 4. Plaintiff sued on the bond for $5,039.83, with interest. Verdict was directed for the plaintiff in the amount of $2,039.83, with interest. Plaintiff appeals from the reduction in the amount claimed. Defendant appeals from the allowance of interest.

Plaintiff's contract figure was $5,600. It furnished extras in the amount of $39.83, making the total bill $5,639.83. Before rendition to the defendant of the statement of the amount claimed to be due, plaintiff had received from the contractor $600 in cash, for which full credit was given, reducing the claim to $5,039.83; and, in addition, plaintiff had received a trade acceptance and a promissory note aggregating $3,000, of which, however, no cognizance was taken either in the said statement or in the complaint instituting suit. These instruments matured subsequent to the furnishing of the statement but before suit was brought, and, indeed, before the statutory sixty day waiting period (section 3) had elapsed. There was no proof that plaintiff had accepted these instruments, or either of them, in part payment of the debt. The trial judge, feeling constrained by the decision of the Supreme Court in the case of *Taylor* v. *Wahl*, 72 *N. J. L.* 10, determined that inasmuch as the negotiable instruments had not matured when the statement was rendered, the portion of the claim represented by them was not due and that therefore there must be a reduction from the claim of an amount equal to their aggregate sum and consequently, in directing a verdict, struck off the sum of $3,000.

The statute (cited *supra*) about which the litigation revolves is entitled "An act to protect persons performing labor or furnishing materials for the construction, alteration or repair of public works."

Section 1 requires that "when public buildings * * * are about to be constructed * * * it shall be the duty of the board * * * to require the usual bond * * * with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials furnished * * *."

Section 2 provides that "such bond shall be * * * conditioned for the payment by the contractor, and by all subcontractors, of all indebtedness which may accrue to any person, firm or corporation, on account of any labor performed or materials furnished * * *" and "shall be * * * held * * * for the use of any party interested therein.

Section 3 provides that "any person, firm or corporation to whom any money shall be due on account of having performed any labor or furnished any material in the construction * * * within eighty days after the acceptance thereof by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation. No suit shall be brought against such sureties on said bond until the expiration of sixty days after the furnishing of such statement * * *."

Section 4 directs that the bond shall be of substantially the form therein set forth, a pertinent portion of the condition being as follows: "Now if the said * * * shall pay all lawful claims * * * for labor performed and materials furnished * * * we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim as well as for the obligee herein; then this obligation shall be void * * *." The bond actually given was in substantial compliance with the statutory form and contained the language of the above excerpts from section 4. The bondsman thereon, the defendant in the suit, is a corporation engaged in the business of furnishing bonds.

Acceptance of promissory notes or their equivalent does not, in the absence of any agreement that it should have that effect—and there was no such agreement in this case—operate to discharge an antecedent debt. *Joslin* v. *Giese*, 59 *N. J. L.* 130; *Taylor* v. *Wahl, supra; Fry* v. *Patterson*, 49 *Id.* 612. Indeed, defendant acknowledges that to be so but, relying, *inter alia*, upon the cases last cited, contends that such acceptance by the plaintiff extended the credit until the date of maturity and that at the time the statement of indebed-

ness was furnished the amount in dispute was not "due" and consequently, under the statutes and the decisions, could neither be lawfully included in the statement nor successfully made the subject of the ensuing suit. This argument is predicated upon the applicability of *Taylor* v. *Wahl, supra,* a decision having to do with the Mechanics Lien act (*Pamph. L.* 1898, *p.* 538) and particularly section 3 thereof relating to stop-notices and their effect. Two important points of distinction will serve to indicate why that case is not germane. In it the liability was purely statutory; the owner had assumed no obligation to the plaintiff other than was enjoined by the letter of the written law; whereas the present suit is on the defendant's own undertaking. The language of the Mechanics' Lien act, and the procedure therein contained, are quite different from the statute involved with the instant case. The two statutes, in many ways, are not to be compared. Consequently it is not important, in the present case, that the word "due," as used in the stop-notice provision of the Mechanics' Lien act, has been given the import of "payable."

The word "due" does not always have that significance. The primary definition given by Webster's New International Dictionary is: "Owed or owing as a debt; of the nature of a financial obligation." Like interpretation has been given by this court in *Smith* v. *Weaver,* 76 *N. J. L.* 584; *affirming,* 75 *Id.* 31, and in *Gaskill* v. *Strong,* 53 *Id.* 665, affirming Supreme Court opinion in 59 *Atl. Rep.* 339; and by the Supreme Court in *Metropolitan, &c., Fixture Co.* v. *Albrecht,* 70 *N. J. L.* 149. In construing the act of 24th February, 1820, relating to the entry of judgment upon a bond with warrant of attorney, it was said by Chief Justice Ewing in *Scudder* v. *Coryell,* 10 *Id.* 340: "The word 'due' has more than one signification or is used on different occasions to express distinct ideas. At times it signifies a simple indebtedness without reference to the time of payment. *Debitum in presenti, solvendum in futuro.* At other times it shows that the day of payment or render has passed.

In the former sense it appears to have been used in the statute; as it is connected with a word of like signification 'due and owing.'" To the same effect are *Hoyt* v. *Hoyt,* 16 *Id.* 138; *Green* v. *McCrane,* 55 *N. J. Eq.* 436; *Lessler* v. *Paterson National Bank,* 97 *Id.* 396; *Reading* v. *Reading,* 24 *N. J. L.* 358. Therefore, within the authorities quoted, the claim of the plaintiff may be considered as due when the statement of indebtedness was rendered if the setting of the case so justifies.

The title of the act gives notice that the legislation is designed to protect persons and claims of the class represented by plaintiff and the account sued upon. Another noticable feature is that the protection is not merely a statutory pronouncement and that it does not substantially burden the owner as does the Mechanics' Lien law. The protection is accomplished by causing the contractor to bring in a third party as surety to stand sponsor for him. The defendant came in and assumed that liability, not necessarily or as a matter of legal sequence but voluntarily and, as we may assume from the fact that such is the defendant's business, for a consideration.

The statute proceeds to direct that the protection shall be by a bond which shall be conditioned for the payment of "all indebtedness which may accrue" and the bond solemnly executed by and under the seal of the defendant obligates the latter to pay all "lawful claims" for "materials furnished" and contains an assurance that the undertaking is "for the benefit of any materialman having a just claim." The particular bond now under construction emphasizes the expeditious quality of defendant's responsibility in that it contains the word "prompt" before the word "pay" thus: "And shall *promptly* pay all lawful claims of * * * materialmen * * *." Those terms are very broad. They appear to be inclusive of the plaintiff's claim.

The third section of the act sets up the method of collection. It is procedural rather than substantive. The expressions "money due" and "amount due" therein take their

significance and character from the rest of the act. They are amplified by the expressions in the bond itself. They do not, in our opinion, conflict with the other broad and comprehensive language. When the statement was rendered, the entire amount was due in the sense that it was unpaid indebtedness even though as to a part a fixed day of payment had not been reached and passed. *Smith* v. *Weaver, supra.* The claim of the plaintiff was an indebtedness that had accrued because of the furnishing of materials. It was a just and lawful claim, for the payment of which defendant had obligated itself. Within the intent of the bond sued upon and of the enabling legislation, it was due. The negotiable instruments, which were not accepted as payment or on account of payment, matured before suit was, or could have been, brought. We conclude, therefore, that the ruling under appeal was erroneous.

What the legal effect would have been had the negotiable instruments matured subsequent to the beginning of the statutory period for bringing suit has not been argued, is not before us, and is not decided.

Defendant's appeal from the allowance of interest presents for review a question that was specifically omitted from consideration by this court in *Warren Brothers Co.* v. *Hartford, &c., Co.,* 102 *N. J. L.* 616. Defendant's contention is that it, being a surety, is entitled to have the bond construed strictly and that if the bond be so construed, there is no obligation to pay interest. Neither the case of *Skillman* v. *United States Fidelity, &c., Co.,* 101 *Id.* 511, nor that of *Standard Gas Power Corp.* v. *New England Casualty Co.,* 90 *Id.* 570, cited by defendant constitutes a precedent by which the case at bar is controlled. A vital fact existent in the instant case was absent—and its absence was the fulcrum upon which the reasoning turned—in the cases cited. Neither of the bonds sued upon in those cases was made for the benefit of the respective claimant. In each instance there was a fruitless effort to establish a foothold in section 28 of the Practice act. *Comp. Stat., p.* 4059. The

bond now the subject of suit was in express terms "for the benefit of any materialman or laborer having a just claim" and the plaintiff is entitled to sue thereon.

There is no suggestion in the proofs that the allowance of interest will reduce the ultimate liability of the defendant under its bond to the point where other legitimate claims will be affected. On the other hand, there is evidence that the last payment under the main contract, amounting to $12,788.14, was paid the contractor when it became due and was by him turned over to defendant for disbursement.

The case of *Fidelity, &c., Co.* v. *Wilkes-Barre Co.*, 98 *N. J. L.* 507, cited by defendant on the proposition that interest is no part of a debt unless so stipulated in the contract does not appear to be of that tenor. That action was brought on certain interest coupons detached from their several bonds, and recovery was sought for the amount of the coupons *with interest* thereon from the respective dates of maturity. There appears to have been no pertinent provision in the contract, but the court held that the interest charge was sound for the reason that the illegal detention of a legitimate claim or indebtedness properly carried interest as damages for the detention.

The Continental Casualty Company was, by the terms of its bond, obligated to the prompt payment of the claim on which its principal defaulted. The amount was precise at the figure of $5,039.83. The defendant was duly notified in accordance with the statute and could have discharged its obligation at that sum, net, at any time within sixty days following the notice. *Warren Brothers Co.* v. *Hartford, &c., Co., supra.* At the expiration of that period, namely, October 16th, 1926, the liability became fixed and defendant was suable thereon. Defendant's position thereafter was that of unlawfully detaining payment of a legitimate and liquidated claim. It was chargeable for interest from that time forward. We find no error in the matter covered by defendant's appeal and to the extent of that appeal there will be an affirmance.

The judgment below will, however, for the reasons stated, be reversed on plaintiff's appeal and a *venire de novo* awarded.

On plaintiff's appeal:

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

On defendant's appeal:

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.