GERTRUDE LEVINE, DOING BUSINESS AS SILK CITY TRUCKING AND RIGGING COMPANY, PLAINTIFF, v. AETNA CASUALTY AND SURETY COMPANY, A CORPORATION, DEFENDANT.

MACKAY, S. C. C. Plaintiff seeks to recover from the defendant the amount due from the contractor for services rendered for trucking tools, equipment and machinery from Totowa, Passaic county, New Jersey, to Grand Concourse, New York; also for trucking nineteen barrels of brick and trucking steel doors from railroad station, amounting in all to $490. The contractor was employed to construct a building at Totowa, New Jersey, for the department of institutions and agencies of the State of New Jersey. The defendant gave a bond which provided, *inter alia:* "Perform the things * * * to be done and performed according to the terms of said contract, and shall pay all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing or completing of said contract, we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, &c."

In the case of *Skillman* v. *United States Fidelity and Guaranty Co.,* 130 *Atl. Rep.* 564, the court held for reversal by a vote of eight to seven that, "as plaintiff was not named as an obligee in the bond sued on, and as it was not by express terms nor impliedly made for his benefit, the defendant being only surety on the instrument, is not liable for the debt due from contractor to the plaintiff, and therefore the judgment in the latter's favor must be reversed." *Skillman* v. *United States Fidelity and Guaranty Co., supra.*

The instant case differs from the foregoing in that the proviso was inserted in this bond: "We agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim."

The plaintiffs in this case moved to strike out the answer. There were two motions, the first to strike out the answer as sham and a second motion was made to strike out the second defense on the ground that the same is frivolous. The answer itself denies the allegations of the complaint. The defense to both counts is to the effect that the claim of the plaintiff is not a lawful claim.

As to the second and third items amounting to $5 and $10, respectively, there is no question in my mind regarding the same, but I have had some difficulty regarding the claim for $475, which is for trucking the contractor's equipment from Totowa to New York. The theory of the defendant's defense seems to be that the equipment of the contractor was on the job, that the purpose for which it was intended had been accomplished and that the mere removal of it from Totowa to a place outside of the state was not material furnished or labor performed in and about the completion of the contract in question.

The defendant further contends that section 10 of the bond provides that "all material of any kind or character belonging to the party of the first part [meaning the contractor] which shall remain upon the premises of the Training School for Feeble Minded Females at Totowa, New Jersey, after the expiration of sixty days from the delivery of the certificate by the party of the second part [State of New Jersey] to the party of the first part [contractor] for the amount of money due to said party of the first part upon the completion of the work to be done under this contract, shall become absolutely the property of the State of New Jersey, subject to be used and disposed of by the said party of the second part [State of New Jersey] as the party of the second part [State of New Jersey] may deem proper."

Personally, I have no difficulty regarding this clause because it apparently only relates to materials whereas the plaintiff's claim to the extent of $475 is for the removal of equipment.

To say that the plaintiff should not recover in this case because the labor performed consisted in removing equipment from the job to New York which had been used in the performance of the contract work, but which was not being used at the time because it was being removed, when in fact it had to be removed sometime or other, is placing a rather narrow construction upon the provision in the bond relative to the meaning of "labor performed" and the meaning of the words "a just claim." Especially does this seem to me to be

so when it appears that the United States Supreme Court has held that "trucks hired and used to deliver materials are entitled to recover from the bondsman, although the trucks so hired were not actually used in the building, but were used in delivering material to and returning from the premises." *Illinois Surety Co.* v. *Davis,* 244 *U. S.* 376, 383.

As to the charge that the claim as itemized by the plaintiff is indefinite, I cannot agree. I am inclined to believe a layman could tell by reading the correspondence and by reading the itemized bill just what was done.

In the case of *Shannon* v. *Continental, &c., Co.,* 8 *N. J. Adv. R.* 52, Mr. Justice Case, in speaking of the effect of the statute in question said (at *p.* 56): "The protection is accomplished by causing the contractor to bring in a third party as surety to stand sponsor for him. The defendant came in and assumed that liability, not necessarily or as a matter of legal sequence but voluntarily and, as we may assume from the fact that such is the defendant's business, for a consideration." *Shannon* v. *Continental, &c., Co.,* 8 *Id.* 52, 56.

The foregoing reasoning seems to me to cover any claim connected with the contract work for which an action would lie against the contractor. There is no dispute that plaintiff could legally hold the contractor for his claim in the instant case, *ergo,* he can hold the defendant surety company. This case also disposes of the question of interest as follows: "Held, also chargeable with interest on the amount of the claim from and after the beginning of the statutory date for bringing suit." *Ibid.*

I will recommend that the answer and special pleas be struck out and also recommend that judgment be entered in favor of the palintiff for the sum of $490, with interest from the beginning of the statutory date for bringing suit.