NEWTON A. K. BUGBEE & COMPANY, INCORPORATED, RESPONDENT, v. CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, APPELLANT

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Edward A. Markley.*

For the respondent, *Richard S. Wilson* and *Aaron V. Dawes.*

The opinion of the court was delivered by

PARKER, J. The suit is by a subcontractor on a public work, against the surety of the principal contractors, and is based on the statutory bond prescribed by chapter 75 of the laws of 1918. *Pamph. L., p.* 203; *Cum. Supp. Comp. Stat.* 1924, *pp.* 1765, 1766. The bond is dated October 2d, 1931, and is precisely in the form set out in the statute, with one or two immaterial variances. The condition is that if the principal contractors "shall well and faithfully do and perform the things agreed by him (*sic*) to be done and performed according to the terms of said contract, and shall pay all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing or completing of said contract, we agreeing and assenting that this undertaking shall be for the benefit of any materialman, or laborers having a just claim, as well as for the obligee herein, then this obligation shall be void." This is the language of the form contained in the act of 1918. The plaintiff, as subcontractor, completed its con-

tract, was not paid, went through the procedure prescribed in the act by way of serving notice on the surety, &c., and after the sixty days had elapsed, brought this suit. The defense was that while a materialman or laborer may sue on the bond in question, a subcontractor may not recover, as it is not made for his benefit. The argument, which Judge Oliphant, sitting as commissioner overruled, is that subcontractors are not mentioned in the clause stating the parties for whose benefit the bond is made. This is true in fact; subcontractors are not named in that clause. They are mentioned, however, in the body of the condition, providing that the principal contractor shall pay all claims of subcontractors, &c. The verbal omission of subcontractors in the recital was rectified in the amendment of 1932 (*Pamph. L., p.* 254—at *p.* 257), where it reads "we agreeing that this undertaking shall be for the benefit of any subcontractor, materialman," &c.

We think it is clear that the statutory bond as executed is for the benefit of subcontractors as well as noncontracting laborers and materialmen. Subcontractors furnish, as a rule, both labor and materials. Section 3 provides that any person, firm or corporation to whom any money shall be due on account of having performed any labor or furnished any material, shall give notice of nonpayment to the surety and sue after sixty days. The recital, in view of the apparent intent of the statute, should not control the express language of the condition. In the recent case of *J. Jacob Shannon & Co.* v. *Continental Casualty Co.,* 106 *N. J. L.* 200, the plaintiff, presumably a corporation, though this is not important, was a subcontractor for material (page 201) at a lump figure of $5,600, and was held entitled to recover. On page 204 Mr. Justice Case, writing the opinion, observed in regard to the condition: "Those terms are very broad. They appear to be inclusive of the plaintiff's claim."

Appellant relies on the case of *Skillman* v. *United States, &c., Co.,* 101 *N. J. L.* 511. That case, we think, is not in point, for the important reason that the bond there considered was made long before the statute, being dated in 1913; and

the work was completed in 1917. In construing and enforcing these statutory bonds, it is of course needful to read the bond in the light of the statute. So read, we are clear that it covers the claim of the plaintiff below, and the judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.