50 N.J. Super. 289 (1958)
142 A.2d 114
GRAYBAR ELECTRIC COMPANY, INC., A CORPORATION OF NEW YORK, PLAINTIFF-RESPONDENT,
v.
CONTINENTAL CASUALTY COMPANY, A CORPORATION OF ILLINOIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1958.
Decided May 27, 1958.
*292 Before Judges PRICE, HANEMAN and SCHETTINO.
Mr. George Winne argued the cause for appellant.
Mr. David E. Feldman argued the cause for respondent (Messrs. Furst, Furst & Feldman, attorneys; Mr. Allen Kaufman on the brief).
The opinion of the court was delivered by HANEMAN, J.A.D.
Defendant appeals from a summary judgment entered against it in the Law Division. The facts are:
On or about May 9, 1956 Sovereign Construction Co., Ltd. (hereinafter Sovereign) entered into a contract with the Institute for Advanced Study (hereinafter Institute) for the construction of a housing project in Princeton, New Jersey. The contract provided, in part:

"32. Contract Security.

The Contractor shall furnish a surety bond in an amount at least equal to 100 per cent of the contract price as security for the faithful performance of this contract and for the payment of all persons performing labor on the project under this contract and *293 furnishing materials in connection with this contract. The surety on such bond shall be a duly authorized surety company satisfactory to the Owner." (Emphasis supplied)
Consistent with the foregoing provision, Sovereign obtained a bond from Continental Casualty Company, which reads, in part:
"The condition of the above obligation is such that Whereas, the above named Principal did on the 9th day of May, 1956, enter into a contract with Institute for Advanced Study, which said contract is made a part of this bond the same as though set forth herein;
Now, if the said Sovereign Construction Company, Ltd., shall well and faithfully do and perform the things agreed by Sovereign Construction Company, Ltd., to be done and performed according to the terms of said contract, and shall pay all lawful claims of subcontractors, materialmen, laborers, persons, firms or corporations for labor performed or materials, provisions, provendor or other supplies or teams, fuels, oils, implements or machinery furnished, used or consumed in the carrying forward, performing or completing of said contract, we agreeing and assenting that this undertaking shall be for the benefit of any subcontractors, materialmen, laborer, person, firm or corporation having a just claim, as well as for the obligee herein, then this obligation shall be void, otherwise the same shall remain in full force and effect; it being expressly understood and agreed that the liability of the surety for any and all claims hereunder shall in no event exceed the penal amount of this obligation as herein stated.
The said surety hereby stipulates and agrees that no modifications, omissions or additions in or to the terms of the said contract or in or to the plans or specifications therefore shall in anywise affect the obligation of said surety on its bond." (Emphasis supplied)
During the course of construction Sovereign entered into a subcontract for certain electrical work with Ben B. Greene, Inc. (hereinafter Greene) which in turn purchased certain electrical supplies from Graybar Electric Company, Inc. for completion of its subcontract. The total price of the electrical supplies was $6,109.18. Upon the failure of Greene to make payment of said amount, plaintiff demanded payment from Sovereign and defendant. Defendant refused to make payment. Plaintiff thereupon commenced suit against defendant. Issue having been joined, both plaintiff and defendant moved for a summary judgment. The trial court denied defendant's motion but granted plaintiff's motion.
*294 Defendant argues that the bond contemplates the payment of only such claims as arise from a direct contractual relationship with Sovereign or by virtue of the Mechanics' Lien Act. It concludes that since plaintiff does not fall into either of these categories it cannot recover.
Implicit in defendant's argument is the admission that the bond is made for the benefit of third-party donee beneficiaries. Hence, if plaintiff falls within the designated class of donee beneficiaries intended to be covered by the bond it may recover. See Restatement, Contracts, § 133; 2 Williston, Contracts (rev. ed. 1936), p. 1041; Borough of Brooklawn v. Brooklawn Housing Corp., 124 N.J.L. 73 (E. & A. 1940); Standard Gas Power Corp. v. New England Casualty Co., 90 N.J.L. 570 (E. & A. 1917); Skillman v. United States Fidelity, etc., Co., 101 N.J.L. 511 (E. & A. 1925); J. Jacob Shannon & Co. v. Continental, etc., Co., 106 N.J.L. 200 (E. & A. 1930).
It becomes necessary to construe the bond and to ascertain its limitations.
In seeking to construe a contract the polestar of construction is the intention of the parties to the contract as disclosed by the language used, taken as an entirety. Casriel v. King, 2 N.J. 45 (1949); Moses v. Edward H. Ellis, Inc., 4 N.J. 315 (1950).
An agreement is integrated where the parties thereto adopt a writing or writings as the final and complete expression of the agreement. An integration is the result of the writings so adopted. An integrated writing must be construed as a whole and all writings forming a part of the same transaction are interpreted together. George M. Brewster & Son, Inc., v. Catalytic Const. Co., 17 N.J. 20 (1954); Restatement, Contracts, § 228.
The primary concern in ascertaining the rights of third-party beneficiaries is to discover the intention of the parties to the contract out of which the alleged rights emanate. They are the persons who agree upon the promises, covenants and guarantees. They are the persons who create the rights and obligations which flow from the contract. Oscsenda *295 v. Oscsenda, 2 N.J. Super. 353 (Ch. Div. 1949); Borough of Brooklawn v. Brooklawn Housing Corp., supra.
Section 165, Restatement, Security, reads:
"Where a surety for a contractor on a construction contract agrees in terms with the owner that the contractor will pay for labor and materials, or guarantees to the owner the promise of the contractor to pay for labor and materials, those furnishing labor or materials have a right against the surety as third party beneficiaries of the surety's contract, unless the surety's contract in terms disclaims liability to such persons."
Section 166, Restatement, Security, reads:
"Where a surety guarantees the performance of a contract by a contractor who does not promise the owner to pay those furnishing labor or materials but agrees to complete the work free of liens or to furnish labor and materials, laborers and materialmen have no rights against the surety."
Cf. Frommeyer v. L. & R. Construction Co., 139 F. Supp. 579 (D.C.N.J. 1956).
The bond refers to the contract upon the performance of which it is conditioned. That contract, by the terms of the bond, becomes a part thereof. The two, being integrated writings, must be considered together. Standard Gas Power Corp. v. New England Casualty Co., supra.
We note that the contract between Institute and Sovereign was not offered as an exhibit at the hearing on the motions for summary judgment. However, the section of that contract which is set forth above was included by defendant in the record on appeal. The accuracy of this section is not impugned by plaintiff, although it objects to its inclusion in the record. We do not condone such action and will not ordinarily consider such matters on appeal. See Yoerg v. Northern New Jersey Mtg. Associates, 44 N.J. Super. 286 (App. Div. 1957). However, under the peculiar facts here present we feel constrained to consider said section.
An examination of the portion of the contract submitted by defendant fails to disclose an intention either to disclaim liability except as to those persons in direct contractual *296 privity with Sovereign, or to limit liability to mechanics' lien claimants. Contrariwise, the contract specifically and expressly requires a payment bond for the benefit of Institute and "all persons performing labor on the project under this contract and furnishing materials in connection with this contract." That phrase embraces every person who furnishes materials or performs labor under the contract. "All persons" is an inclusive phrase and the effect thereof cannot be limited by implication. Its meaning is plain and will not admit of qualification. The plain intent, as garnered from the language used, is to benefit any persons who perform labor or furnish materials, and that is so regardless of the existence or lack of contractual privity with Sovereign or the ability of such persons to qualify as mechanics' lien claimants.
Consistent with this contract requirement, defendant furnished the bond, the obligation of which is to pay "all lawful claims * * * for labor performed" or "materials * * * furnished." The bond further provides that it shall be for the benefit of "any subcontractors, materialmen, laborer, person, firm or corporation having a just claim." Again, there is apparent neither such disclaimer nor limitation as urged by defendant. Nor can we interpolate such restrictive language.
Interestingly, although the building program here undertaken was of a private nature, the condition of the bond is in the identical language of the statutory bond required in connection with public work. N.J.S. 2A:44-147.
Defendant stresses that the use of the word "claim" in the bond denotes "mechanics' lien claim." Not so. "Claim" is a generic word having varied connotations, depending upon the context in which it is employed. Although that word is used throughout the Mechanics' Lien Act, N.J.S. 2A:44-64 et seq., and the Municipal Mechanics' Lien Act, N.J.S. 2A:44-125 et seq., it does not follow that its use in the bond sub judice must compel us to adopt an interpretation which would limit the effect of the term to those persons entitled to a mechanics' lien under the *297 statutes. The sense of the word must be gathered from the general language and context of the integrated agreements. So viewed, it must be recognized as synonymous with debt.
"Claim," as used in N.J.S. 2A:44-147, is not synonymous with "lien." The entire act of which that section is a part, i.e., N.J.S. 2A:44-143 et seq., does not create a lien. It furnishes separate and cumulative protection of payment to laborers and materialmen regardless of whether they qualify under the Municipal Mechanics' Lien Act. See Wilson v. Robert A. Stretch, Inc., 44 N.J. Super. 52 (Ch. Div. 1957).
We cannot intercalate the words "mechanic" and "lien" in the bond sub judice in the face of the apparent intent of the contracting parties.
Although cases construing statutory bonds given in the form specified by N.J.S. 2A:44-147 et seq. are bottomed upon the statute requiring the same, they are indicative of the construction to be accorded to the specific language so employed.
N.J.S. 2A:44-143 requires that "When public buildings or other public works or improvements are about to be constructed * * * under contract * * * the board * * * contracting * * * shall require the usual bond * * * with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials * * * used * * * for or about the construction * * *." The Legislature has prescribed the exact language of this bond by N.J.S. 2A:44-147 in order to accomplish its apparent purpose of protecting all laborers and materialmen. Where identical language is employed in a bond given in connection with a private building program, the cases construing such bonds given in connection with a public contract must control. These cases hold that such a clause, as here contained, gives rise to a cause of action by one not privy to the bond and regardless of how remote from the promisee, provided he had furnished labor or materials for the construction involved. See Newton A.K. Bugbee & Co., Inc., v. Consolidated, *298 etc., Co., 111 N.J.L. 323 (E. & A. 1933); John P. Callaghan, Inc., v. Continental Casualty Co., 110 N.J.L. 390 (E. & A. 1933); Nutz v. Murray-Nutz (A.W. Crone & Sons), 109 N.J. Eq. 95 (E. & A. 1931); J. Jacob Shannon & Co. v. Continental, etc., Co., 106 N.J.L. 200 (E. & A. 1930); First-Mechanics' Nat. Bank of Trenton v. New Jersey Brick, etc., Co., 112 N.J.L. 218 (Sup. Ct. 1934).
The great weight of authority sustains the right of a person furnishing labor and materials on a private building to recover under a contractor's bond in which the owner is obligee and which is conditioned upon the payment by the contractor of all claims for labor and materials. See Annotations, 77 A.L.R. 56 (1932); 118 A.L.R. 65 (1939).
Affirmed.