WILLIAM H. GOLDBERG & CO., INC., A NEW JERSEY CORPORATION, PETITIONER-APPELLANT, v. DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.

Argued January 30, 1956—Decided March 5, 1956.

*Mr. Harry Green* argued the cause for the appellant (*Mr. Lewis C. Stanley* on the brief).

*Mr. Herman D. Ringle* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a determination of the Commissioner of Labor and Industry affirming a finding by the Division of Employment Security imposing liability on the appellant-corporation, William H. Goldberg & Co., Inc., for unemployment compensation taxes upon commissions paid to an insurance solicitor, one Perschelli, from the first quarter of 1949 through the second quarter of 1952. We certified the case on our own motion, *R. R.* 1:10–1(*a*).

The appellant is engaged in the insurance and real estate business in Trenton, New Jersey. It is licensed as an insurance agent by the Department of Banking and Insurance pursuant to *N. J. S. A.* 17:22–6.1 by which an insurance agent is defined as:

"An insurance agent is hereby defined to be an individual, a resident of this State or whose principal office for the conduct of his insurance business is in this State, authorized in writing by any insurance company lawfully authorized to transact business in this State, to act as its agent, with authority to solicit, negotiate and effect contracts of insurance in its behalf, to collect the premiums thereon, and who has a *bona fide* office in this State in which is kept a record of the contracts of insurance countersigned or issued by him."

Perschelli was employed as an insurance solicitor for Goldberg from January 1, 1949 to June 30, 1952. He likewise was licensed by the Department of Banking and Insur-

ance as a solicitor and an insurance solicitor is defined by
*N. J. S. A.* 17:22–6.3 as follows:

"An insurance solicitor is hereby defined to be an individual, employed and authorized by a duly licensed insurance agent or broker to solicit and negotiate contracts of insurance solely on behalf of such agent or broker."

During the period from January 1, 1949 to June 30, 1952 Perschelli did not have an insurance agent's license. The *modus operandi* as found by the Commissioner of Labor was that Perschelli solicited applications for insurance and presented them to the appellant's office for acceptance. In some cases the application would be passed on by the appellant and in others by the insurance companies represented by the appellant as agent. He received all his cards and literature from the appellant and was paid commissions each week, and during the period from January 1, 1949 to June 30, 1952 his commissions as a solicitor amounted to $12,220. These commissions were carried on appellant's payroll book and it withheld the federal income tax and submitted the required W–2 forms and made all the deductions for social security purposes. The appellant paid no expenses in connection with Perschelli's solicitation of business and Perschelli was not subject to any work schedule or orders and could solicit insurance business as and when he desired.

The Commissioner found Perschelli carried on under an insurance solicitor's license made out to and for the appellant and therefore it could not be maintained that he was an insurance agent for any insurance company but he was simply a soliciting agent for the appellant and he could not write any insurance for and on his own account. We are generally in accord with these conclusions.

The issue presented on this appeal is whether Perschelli's service with the appellant was "employment" within the meaning of *N. J. S. A.* 43:21–19 (*i*) which, *inter alia*, provides:

"(i) (1) 'Employment' means service, including service in interstate commerce performed for remuneration or under any contract of hire, written or oral, express or implied.

*     *     *     *     *     *     *     *

(i) (6) Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the division that

(A) such individual has been and will continue to be free from control or direction over the performance of such service both under his contract of service and in fact; and

(B) such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(C) such individual is customarily engaged in an independently established trade, occupation, profession or business.

*     *     *     *     *     *     *     *

(i) (7) (J) Service performed by agents of insurance companies, exclusive of industrial insurance agents, or by agents of investment companies, who are compensated wholly on a commission basis.

*     *     *     *     *     *     *     *

(p) 'Remuneration' means all compensation for personal services, including commissions and bonuses and the cash value of all compensation in any medium other than cash."

The appellant stresses lack of control over Perschelli by the appellant and argues the statute was not intended to cover an uncontrolled commission salesman of insurance who has chosen to rely exclusively on his individual traits, and that basically Perschelli was a salesman-entrepreneur risking his return upon his personal ability to convince prospects that it was worthwhile to pay insurance premiums and to purchase policies. It argues that Perschelli was in fact an "agent of an insurance company" and contends there is a general rule that every insurance broker or solicitor is in a sense an agent, although it concedes that every insurance agent is not a broker or solicitor, and cites among other cases *Heake v. Atlantic Cas. Ins. Co.*, 15 *N. J.* 475 (1954).

It may be conceded there is such a distinction and in certain cases by contract, express or implied, the insurance solicitor or agent of the insurance company's agent is sometimes deemed an agent of the insurance company, but such is not the case under the facts here presented nor need it be dealt with at length because the question is purely one of statutory exclusion.

The Federal Social Security Act was amended in 1939 to except from the payment of the tax all remuneration received by individuals as insurance agents or insurance solicitors where the remuneration was solely by way of commission. 26 *U. S. C. A.* 1607(*c*)(14), now 26 *U. S. C. A.* 3306(*c*)(14). Prior to the enactment of the federal exception only three states had provisions in their unemployment compensation law excluding such agents. Since that time many states have amended their unemployment compensation laws to include the exclusion in the identical language found in the federal statute, but New Jersey was not one of these states.

The provision in our statute, *N. J. S. A.* 43:21–19(*i*)(7) reads as follows:

"The term 'employment' shall not include:   *   *   *
(J) Service performed by agents of insurance companies, exclusive of industrial insurance agents, or by agents of investment companies, who are compensated wholly on a commission basis."

The essential characteristics of an insurance agent are defined in our statute by *N. J. S. A.* 17:22–6.1, as are the essential characteristics of an insurance solicitor by *N. J. S. A.* 17:22–6.3. This exclusory provision, which applies only to "service performed by agents of insurance companies, exclusive of industrial agents," by its very language does not include insurance solicitors. Thus the Legislature, in our view, has given clear indication of an intent to use the term "insurance agent" in the narrow and precise sense as defined by our statutes. To construe the word in the broader generic sense, as urged by the appellant, so that it would be interpreted to include both insurance agents and insurance solicitors, would write into our statute the very language contained in the federal exclusion. Such an interpretation would ignore the careful draftsmanship involved in this section of our statute, the clear intention of which it seems to us was to place a greater limitation upon the exclusion than is found in the federal statute. Such a change of language in a statute ordinarily implies a purposeful alteration in the substance of the law, *Nagy v. Ford Motor*

*Co.,* 6 *N. J.* 341 (1951), since we must assume that our Legislature acted with knowledge of the existing provisions of the related federal statute. *Eckert v. N. J. State Hwy. Dept.,* 1 *N. J.* 474 (1949).

We thus conclude that an "insurance solicitor" as defined by *N. J. S. A.* 17:22–6.3 does not come within the exclusion of *N. J. S. A.* 43:21–19(*i*)(7)(*J*) by the very terms of this latter section.

*N. J. S. A.* 17:22–6.3 makes the solicitor an employee of a duly licensed insurance agent or broker. The services performed by Perschelli as an insurance solicitor answer all the tests of "employment" as laid down by the statute. *N. J. S. A.* 43:21–19(*i*)(6)(*A*)(*B*)(*C*). This section is in the conjunctive and all three tests, (*A*), (*B*), (*C*), must be met by a claimant.

Test (A) is whether the individual is free of control and direction by the employer. While Perschelli was not barred by contract from competitive insurance work, the very terms of his license issued under *N. J. S. A.* 17:22–6.3 imposed this limitation since he could solicit and negotiate contracts of insurance solely on behalf of such agent or broker by whom he was employed. He could not solicit insurance for anyone else; his contract was terminable by either side on notice and the appellant had the right of discharge. Further argument is made that the *sine qua non* of employment is the risk incurred by the employer and that Perschelli risked nothing. But such language is not found in the statute and risk is not relevant to freedom from control or direction. *Industrial Commission v. Northwestern Mut. Life Ins. Co.,* 103 *Colo.* 550, 88 *P. 2d* 560 (*Sup. Ct.* 1939). *Cf. Northwestern Mut. Life Ins. Co. v. Tone,* 125 *Conn.* 183, 4 *A. 2d* 640, 121 *A. L. R.* 993 (*Sup. Ct. Err.* 1939). The case here differs little, if any, from *Superior Life, &c. v. Board of Review,* 127 *N. J. L.* 537 (*Sup. Ct.* 1942).

Paragraph (B) of the section requires that the service is either outside the usual course of business or that such service is performed outside of all the places of business of the enterprise for which the service is performed.

Under the facts here Perschelli reported daily to the appellant's office; some of his activities were carried on there, and all his activities were performed in the usual course of appellant's business. He therefore qualifies under this paragraph.

Paragraph (C) requires that the individual is customarily "engaged in an independently established trade, occupation, profession or business." Perschelli was completely dependent upon the appellant by the very terms of his license, he could solicit insurance for it and for nobody else, and his work as an insurance solicitor depended upon his continued relationship with the appellant. If the two parties on notice terminated their contract relationship, then he could not perform under his license as an insurance solicitor until he was duly accredited by license to another insurance agent or broker who was also duly licensed under the statute.

The appellant finally argues that the work of an insurance solicitor or agent directly in the employ of insurance companies differs in no wise from the work of an insurance solicitor licensed to a broker or agent, titles or labels notwithstanding, and that therefore such a classification is arbitrary and capricious and is a denial of due process and the equal protection of the law.

Our statutes, *N. J. S. A.* 17:22–6.1 defining "insurance agent" and *N. J. S. A.* 17:22–6.3 defining "insurance solicitor," exhibit fundamental distinctions and the insurance solicitor is dependent on and controlled by his insurance agent or broker to a far greater degree than a licensed agent is by an insurance company. He can work for the insurance agent or broker alone, which is not true of an agent. The distinction is vital and meaningful; therefore the argument, that when the same distinction is applied in the Unemployment Compensation Act, such distinction is arbitrary and capricious, is untenable. *Washington National Ins. Co. v. Board of Review*, 1 *N. J.* 545, 552, 553 (1949).

The determination of the Commissioner of Labor and Industry is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.