44 N.J. Super. 52 (1957)
129 A.2d 599
MICHAEL WILSON, TRADING AS WILSON'S HAULING, PLAINTIFF,
v.
ROBERT A. STRETCH, INC., A CORPORATION OF THE STATE OF NEW JERSEY, CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, LOUIS OTTAVI AND JASPER L. COLE, A CO-PARTNERSHIP, TRADING AS OTTAVI & COLE, AND WALTER C. MURPHY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 14, 1957.
*53 Mr. John B. Baratta, attorney for plaintiff.
Mr. Joel A. Mott, Jr., attorney for defendant Robert A. Stretch, Inc.
HANEMAN, J.S.C.
This matter concerns itself with an alleged municipal mechanics lien.
The facts in connection herewith are as follows: On or about March 18, 1955 the defendant Robert A. Stretch, Inc. entered into a contract with the City of Atlantic City *54 to construct certain drains on the beachfront in said municipality. The defendants Louis Ottavi and Jasper L. Cole, a partnership, were subcontractors. On or about April 13, 1955 the plaintiff rented to the said Ottavi and Cole a front end loader with one cubic yard bucket and blade, together with one grease gun and one volume gun, for a rental of $900 per month, which said equipment was used by the lessees for two months and 5/22 of the workdays of the month of June 1955. The total rental which became due for the equipment was $2,004.55. There was paid on account of said rental the sum of $900, leaving a balance of $1,104.55. On July 19, 1956 plaintiff filed notice of mechanics' lien claim with the Comptroller of the City of Atlantic City.
The work of Robert A. Stretch, Inc., as called for under its contract, was completed on June 15, 1956 and accepted by resolution of the City Commissioners of the City of Atlantic City on June 21, 1956. There are presently more than sufficient funds in the hands of the City of Atlantic City to satisfy the lien here claimed.
The sole question here involved is whether the plaintiff is entitled to a municipal mechanics' lien under N.J.S. 2A:44-128.
Any person contracting with a public agency for the construction of public buildings or other public works or improvements is given by statute three forms of security for the payment of the value of labor performed or materials furnished in connection with such contract.
One such form of security is provided by N.J.S. 2A:44-128, commonly known as the "Municipal Mechanics' Lien Act." This statute reads, in part, as follows:
"Any person who, as laborer, mechanic, materialman, merchant or trader, or subcontractor, in pursuance of or conformity with the terms of any contract for any public improvement made between any person and a public agency as defined in section 2A:44-126 of this title and authorized by law to make contracts for the making of public improvements, performs any labor or furnishes any materials, including the furnishing of oil, gasoline or lubricants and vehicle use, toward the performance or completion of any such contract, shall, on complying with the provisions of sections 2A:44-132 and *55 2A:44-133 of this title, have a lien for the value of the labor or materials, or both, upon the moneys due or to grow due under the contract and in the control of the public agency, to the full value of the claim or demand * * *." (Italics supplied)
Under this statute a person who performs labor or furnishes materials, including those items specifically enumerated, is entitled to a mechanics' lien upon compliance with the terms of the statute. A lien thus obtained attaches to funds appropriated for the payment of such public work and still in the hands of the public agency. Johnson v. Fred L. Emmons, Inc., 115 N.J. Eq. 335 (Ch. 1934), affirmed 119 N.J. Eq. 88 (E. & A. 1935).
Another form of security is provided in N.J.S. 2A:44-143, hereafter referred to as the Bond Act, which reads, in part, as follows:
"When public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the state or any county, municipality or school district thereof, the board, officer or agent contracting on behalf of the state, county, municipality or school district, shall require the usual bond, as provided for by law, with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials, provisions, provender or other supplies, teams, fuels, oils, implements or machinery used or consumed in, upon, for or about the construction, erection, alteration or repair of such buildings, works or improvements." (Italics supplied)
Under this statute a person who performs labor or furnishes materials, including those items specifically enumerated, has, for his security, recourse on the bond which the prime contractor is obliged to file. This protection is not by way of lien. The class of persons entitled to the protection of the statute includes those enumerated under the Municipal Mechanics' Lien Act, as well as persons additionally enumerated.
A third form of security, hereafter referred to as the Trust Fund Act, is provided in N.J.S. 2A:44-147[1], which reads as follows:
*56 "All money paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement made between any such person and the state or any agency, commission or department thereof, or any county, municipality or school district in the state, shall constitute a trust fund in the hands of such person as such contractor, until all claims for labor, materials and other charges incurred in connection with the performance of such contract shall have been fully paid." (Italics supplied)
The purpose of this statute was to impress a trust upon funds paid by any public agency to the prime contractor for any public improvement. It attaches to monies so paid and in the hands of the prime contractor. National Surety Corp. v. Barth, 11 N.J. 506 (1953). The class of persons entitled to this protection is more extended and general than in the two preceding statutes.
The first two statutes had their genesis in the year 1918. The source of the Mechanics' Lien Act was L. 1918, c. 280, p. 1041, and the material part reads as follows:
"Any person who as laborer, mechanic, merchant or trader or subcontractor, shall hereafter, in pursuance of or conformity with the terms of any contract for any public improvement made between any person or corporation and any county, city, town, township, public commission, public board or other municipality in this State authorized by law to make contracts for the making of any public improvement, perform any labor or furnish any materials toward the performance or completion of any such contract shall, on complying with the provision of the second section of this act, have a lien for the value of such labor or materials, or both, upon the moneys in the control of said municipality due or to grow due under said contract * * *." (Italics supplied)
The source of the second statute was L. 1918, c. 75, p. 203, and reads, in part, as follows:
"When public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the State or any county, city, town, township, village, borough, municipality governed by a board of commissioners, or improvement commission, or school district thereof, it shall be the duty of the board, officer or agent, contracting on behalf of the State or any county, city, town, township, village, *57 borough, municipality governed by a board of commissioners, or improvement commission, or school district, to require the usual bond, as provided for in the statute, with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements." (Italics supplied)
Plaintiff claims under the first of the above statutes.
It is to be noted that in both instances the original statute provided protection to any one for the performance of any labor or the furnishing of any materials only, without specifically mentioning any particular labor, material or equipment, in almost identical language.
The third statute was enacted in 1932. See L. 1932, c. 268, p. 604.
In 1933 the Mechanics' Lien Act was amended so that the right to a mechanics' lien was given to a person who "perform[ed] any labor or furnished any materials, including the furnishing of oil, gasoline or lubricants and vehicle use." L. 1933, c. 227, p. 483.
In 1932 the Bond Act was amended by L. 1932, c. 142, p. 254, so that it applied to any one for "any labor performed or materials, provisions, provender or other supplies, teams, fuels, oils, implements or machinery used or consumed."
These three statutes are in pari materia, and in attempting a construction thereof must be read together. State v. Brown, 22 N.J. 405 (1956); Giles v. Gassert, 23 N.J. 22 (1956).
In 1932 the Bond Act was amended, extending the benefits thereof to individuals not only for the performing of labor and the furnishing of materials generally, but as well for specific items so performed and furnished, therein named. It would seem plain that this statute would include the services rendered by the plaintiff herein. At the same session of the Legislature the third above referred to statute was enacted.
However, it is to be noted that in the succeeding year the Municipal Mechanics' Lien Act, as amended, extended the benefits of its provisions not only to the general classification *58 of those performing labor and furnishing materials, but by specific reference, included those persons furnishing "oil, gasoline or lubricants and vehicle use."
The word "vehicle" has been defined as follows in Webster's New International Dictionary (2d ed.):
"That in or on which a person or thing is or may be carried from one place to another, esp. along the ground, also through the air; any moving support or container fitted or used for the conveyance of bulky objects; a means of conveyance."
The right to a mechanics' lien is unknown at common law, had its origin in legislative enactment, and is in derogation of common law. Friedman v. Stein, 4 N.J. 34 (1950).
A statute in derogation of the common law must be strictly construed. Carlo v. Okonite-Callender Cable Co., 3 N.J. 253 (1949); Friedman v. Stein, supra.
It is well settled that the Legislature is presumed to be cognizant of its own enactments and that later enactments are made with knowledge thereof. Eckert v. New Jersey State Highway Department, 1 N.J. 474 (1949); William H. Goldberg & Co. v. Division of Employment Security, 21 N.J. 107 (1956).
Had it been intended that the Municipal Mechanics' Lien Act should have the same effect as the other acts, as passed or amended, prior to the amendment of the Municipal Mechanics' Lien Act, the Legislature would have used identical language as used therein. The difference in language must be presumed intentional.
The legislative intention to be gathered from these three statutes is that the Municipal Mechanics' Lien Act was far more restrictive in its application than were the other two statutes. Failure to qualify for the beneficent results of the Municipal Mechanics' Lien Act does not mean that the security provided in the other two statutes is not available to plaintiff. The remedies provided in these statutes are cumulative as to some creditors and exclusive as to others. The Legislature intended that the statutes should progressively apply to more embracing categories, in stages, from *59 the most restricted Municipal Mechanics' Lien Act to the more liberal Bond Act, and finally to the most liberal Trust Fund Act.
The equipment for which a lien is here sought cannot be deemed a "vehicle." It therefore follows that the rental of a front end loader with one cubic yard bucket and blade, one grease gun and one volume gun, does not come within the purview of the Municipal Mechanics' Lien Act, the service having been performed by the plaintiff being not for any of the purposes listed in the statute.
Judgment will be entered accordingly.
NOTES
[1] So in the original law. Should be 2A:44-148.