Desmond, J.
The question is as to whether the language “ for the improvement of real property ” in section 36-b of the Lien Law (funds received by subcontractor constitute trust funds, etc.) applies to the improvement of real property in States other than New York. Of course, if we read that statute literally and off by itself, there is nothing in it limiting it to subject real property in this State. However, section 36-b must be read as part of articles 2, 3 and 3-A of the Lien Law which constitute New York State’s complete scheme for the protection of the rights of those who provide labor and materials for the improvement of real property. At no place in any of the numerous sections which together make up that statutory scheme is there definite reference to “ New York State ”. It was, apparently, considered so obvious that New York real property alone was involved that it was unnecessary to say so. The phrase: “ for the improvement of real property ’ ’ which we are here construing in section 36-b recurs over and over throughout these sections. In no place is “New York State ” mentioned but in no place *304 is there any doubt that New York State alone is intended. In fact, when “ real property ” is mentioned in any of our statutes there is never a specification that New York real property alone is intended, as witness the definitions in section 2 of the Beal Property Law, subdivision 6 of section 2 of the Tax Law, section 40 of the General Construction Law, as well as in section 2 of the Lien Law itself.
The purpose of section 36-b of the Lien Law is precisely the same as that of all the other sections in articles 2, 3 and 3-A of that law, that is, to provide special protection for those whose services and materials enhance the value of real property. Since that is the general purpose of all these enactments there seems no reason to single out section 36-b as having to do with the improvement of real property in some other State.
Other States including Pennsylvania (see Martindale-Hubbell, Lawyers’ Directory, Yol. Ill, Digest of Pennsylvania Laws, under heading ‘1 Mechanics Liens”) have their own peculiar systems of statutory protections for materialmen and laborers. Only confusion could result from applying one part of a particular State’s statutory system to a real property improvement situated in another State where the local statutory scheme is quite different.
The judgment should be affirmed, with costs.