347 F.2d 153
 CARRIER CORPORATION, American Radiator & Standard Sanitary Corporation, Sarco Company, Inc. and Sarcotherm Controls, Inc., Petitioners-Appellants, Cross-Appellees,
v.
J. E. SCHECTER CORPORATION, Debtor-Appellee and Cross-Appellant.
 No. 419.
 Docket 29458.
 United States Court of Appeals Second Circuit.
 Argued March 31, 1965.
 Decided May 21, 1965.
 
 Schwartz, Weissberger & Leichter, New York City, for appellants; Herman N. Schwartz and Irving Ronald Storch, New York City, of counsel.
 Levy, Levy & Ruback, New York City, for debtor-appellee; Robert I. Ruback and Gary L. Blum, New York City, on the brief.
 Before LUMBARD, Chief Judge, and SWAN and KAUFMAN, Circuit Judges.
 SWAN, Circuit Judge:
 
 
 1
 The legal issue presented by this appeal is whether certain funds held in a special account in a New York bank by J. E. Schecter Corporation, hereafter referred to as Schecter or the debtor, are trust funds. These funds were acquired as a result of the improvement of real property owned by Princeton University, located in Princeton, New Jersey, and called the "Engineering Quadrangle." The facts are stated in detail in the opinion of Judge Rayfiel and need not be here repeated except so far as necessary to supply a frame for subsequent discussion of the legal questions involved.
 
 
 2
 William L. Crow Construction Company, a New York Corporation, hereafter called Crow, was the general contractor for the Engineering Quadrangle. In January 1961 Crow entered into a subcontract with Schecter to provide all labor and materials for the satisfactory completion of the plumbing, heating, ventilating, and air conditioning work. Thereafter on November 27, 1962 Schecter filed a petition under Chapter XI of the Bankruptcy Act and an order was entered authorizing it to continue in possession of its assets, to continue its business under the supervision of the court, staying all creditors from proceeding with their claims, and referring the case to Referee in Bankruptcy William J. Rudin. In December 1963 the four appellants, on behalf of themselves and other contractors and materialmen similarly situated who had worked for or supplied goods to Schecter in connection with the Princeton project, petitioned the Referee to impress a trust on funds in possession of the debtor acquired as a result of the improvement of Princeton's Engineering Quadrangle. The Referee denied the petition. On November 17, 1964, the Referee's order was affirmed by Judge Rayfiel, with a remand of the matter to the Referee for the purpose of directing the debtor to take appropriate action to recover funds previously paid to certain claimants. This is the order before us on appeal.
 
 
 3
 For reasons hereafter stated we hold that the court erred in failing to impress a trust on the funds in question, and we dismiss the debtor's cross-appeal.
 
 1. The cross-appeal of the debtor
 
 4
 The debtor has appealed the order of November 17, 1964 which remands the matter to the Referee in Bankruptcy for the purpose of directing the debtor to proceed with an appropriate motion to recover funds paid to six creditors. This part of the order was premised on the court's finding that no trust exists. Although we see no basis for an appeal by Schecter from the remand order, since it does not adversely affect the debtor but only the six creditors, see Universal Oil Products Co. v. Cosden Petroleum Corp., 5 Cir., 178 F.2d 495, we need not rest on that ground for the cross-appeal is mooted in any event by our holding that a trust should have been impressed. Accordingly, the cross-appeal is dismissed.
 
 2. Applicability of the New York Lien Law
 
 5
 The subcontract between Crow and Schecter provided that "All matters relating to the validity, performance, interpretation or construction of the agreement or the breach thereof shall be governed by the Law of the State of New York." In reliance on this provision appellants contend that the New York Trust Fund Lien Law should be applied. See Aquilino v. U. S. A., 10 N.Y.2d 271, 275-276, 219 N.Y.S.2d 254, 176 N.E. 2d 826. But even if we follow the directive of the choice-of-law provision, the claimants run into the barrier of the authoritative determination, by the highest state court, that the New York Lien Law, McKinney's Consol.Laws, c. 33 does not apply to improvements to real property located outside the State of New York. Allied Thermal Corp. v. James Talcott, Inc., 3 N.Y. 302, 165 N.Y.S.2d 91, 144 N.E.2d 66 (1957). We hesitate to permit the contractual provision to override the considerations which compelled that decision, especially since — as we shall now explain — the claimants will be entitled to relief via the application of New Jersey law.
 
 3. The New Jersey statutes
 
 6
 Section 2A:102-11 is printed in the margin.[1] It consists of two sentences. The first sets forth that moneys received by a subcontractor from the owner of real estate or from a contractor for the purpose of having a building erected are trust funds. The second declares that any subcontractor who pays or consents to the payment of such funds for any other purpose is guilty of a misdemeanor. A priori one would suppose that the first sentence is intended to give the beneficiaries of such "trust funds" a civil remedy. But no case has so held and under the New Jersey Constitution the title of a statute limits the scope of the enacting clauses; hence a construction which would give the statute a direct effect beyond the object expressed in the title must be rejected. See Jordan v. Moore, 82 N.J.L. 552, 82 A. 850; St. John, etc. Church v. Gengor, 121 N.J.Eq. 349, 189 A. 113. The statute we are considering was originally entitled "A Supplement to an act entitled `An act for the punishment of crimes.'" See Samuel D. Wasserman, Inc. v. Klahre, 24 N.J.Super. 143, 93 A.2d 628. Plevy v. Schaedel, 44 N.J.Super. 450, 130 A.2d 910, but the title now reads "Misappropriation of funds paid to subcontractor for building purposes." Whether this change of title is sufficient to permit the granting of a civil remedy we need not determine in view of the grounds upon which we predicate the existence of a trust.
 
 4. Equitable principles are applicable
 
 7
 It is elementary that a court of bankruptcy is also a court of equity. Under the undisputed facts we believe that the funds in question should be impressed with a trust on principles of equity and justice. Here the statute creates the trust, detailing its terms, and general equity principles may be employed to enforce it. See Hiller & Skogland, Inc. v. Atlantic Creosoting Co., 40 N.J. 6 n. 3, 190 A.2d 380, 388 n. 3 (1963), citing with approval Samuel D. Wasserman, Inc. v. Klahre, supra, where the Superior Court, Appellate Division, although refusing to impose a constructive trust on funds in the hands of a third party not mentioned in the statute who lacked notice of the trust fund character of the moneys, noted nevertheless that if there had been a statutory violation, the claimant "would have had whatever civil remedy might be appropriate to the circumstances under the general principles of law or equity." 24 N.J.Super. at 143, 93 A.2d at 631. Moreover, several New Jersey cases have held that where a fund is created for a special purpose, even though it does not meet the exact terms of the statutory trust, a trust will be imposed under general equity principles. See National Surety Corp. v. Barth, 11 N.J. 506, 95 A.2d 145 (1953); Picker v. City of Bayonne, et al., 60 N.J.Super. 251, 158 A.2d 692; Wilson v. Robert A. Stretch, Inc., 44 N.J.Super. 52, 58, 129 A.2d 599; Stulz-Sickles Co. v. Fredburn Constr. Corp., 114 N.J.Eq. 475, 169 A. 27. See also Filardo v. Foley Bros., 297 N.Y. 217, 78 N.E.2d 480, cert. den. 336 U.S. 281, 69 S.Ct. 575, 93 L.Ed. 680; Wickes Boiler Co. v. Godfrey-Keeler, Inc., 2 Cir., 116 F.2d 842, modified 121 F.2d 415, cert. den. 314 U.S. 686, 62 S.Ct. 297, 86 L.Ed. 549. Since Schecter was merely a conduit between the general contractor and the claimants, we see no reason for not applying those principles to this case. Indeed, if Schecter is permitted to remove the funds to New York and allocate them in this manner, it can misappropriate sums derived from a real estate improvement in New Jersey with complete immunity, thereby thwarting the New Jersey criminal statutes and also avoiding any quasi-fiduciary obligations.
 
 
 8
 For the foregoing reasons we hold that the court erred in failing to impress a trust on the funds in question, and we direct that attorney's fees as determined by the District Court, be paid from the trust funds.
 
 
 
 Notes:
 
 
 [1]
 "Misappropriation of funds paid to subcontractor for building purposes
 "All moneys received by a subcontractor from the owner or mortgagee of real estate, or any leasehold or other interest therein, or from a contractor, for the purpose of having a building erected, constructed, completed, altered, repaired or added to, are trust funds in the hands of the subcontractor to be applied to the amount of all claims due or to become due and owing from the subcontractor to all persons furnishing labor or materials to him for the erection, construction or completion of the building or any alteration, repair or addition thereto, and any other reasonable and necessary charge in connection therewith. Any subcontractor, or any officer, director or agent of the subcontractor, who pays or consents to the appropriation of such funds for any other purpose prior to the payment of all claims and charges for the payment of which the funds constitute a trust fund, is guilty of a misdemeanor. As amended L.1954, c. 123, p. 599, § 2."