113 N.J. Super. 59 (1971)
272 A.2d 570
LOUIS KESSLER, PLAINTIFF,
v.
CITY OF PASSAIC A MUNICIPAL CORPORATION, AND ANTHONY C. MARTINI, PUBLIC OFFICER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 4, 1971.
Mr. Robert H. Kessler, attorney for plaintiff.
Mr. August C. Michaelis, attorney for defendants.
*60 JOELSON, J.S.C.
Plaintiff is the owner of a multiple-dwelling property which was placed under rent control in the City of Passaic by Anthony C. Martini as Public Officer of the municipality for the administration of rent control. Martini also serves as City Clerk of Passaic. Plaintiff brings this action to have declared invalid the designation of City Clerk Martini as Public Officer for the administration of rent control in that community, and to have the position declared vacant. He bases his contention on the fact that the designation was made by the Passaic city council rather than the city manager.
The facts are not in dispute. On November 22, 1966 the board of commissioners of Passaic passed an ordinance authorizing the regulation of rents pursuant to the enabling legislation provided by N.J.S.A. 2A:42-74 et seq. Thereafter, in 1967, the voters of Passaic adopted a council-manager form of government, and it is undisputed that the city council replaced the board of commissioners as the governing body of the municipality.
In the November 22, 1966 rent control ordinance the board of commissioners provided in section 1A with respect to the public officer designated to administer it that "`Public Officer' shall mean the Assistant Health Officer of the City of Passaic or any other city employees so designated by resolution adopted by the Board of Commissioners."
Subsequently on August 7, 1969, the new governing body, the city council, adopted a resolution (No. 260-69) which relieved the assistant health officer by name and provided that "Anthony C. Martini is hereby designated and appointed Public Officer in conformance with and under the original jurisdiction of" the rent control ordinance. In the "whereas" provisions of that resolution which preceded the designation of Martini, we find that the city council referred to the fact that section 1A of the rent control ordinance had defined public officer as the assistant health officer or any other city employee so designated by resolution. It then went on *61 to state as follows before designating Martini by name as the public officer:
Whereas, the City Clerk, Anthony C. Martini is an employee of the City of Passaic whose functions and duties come within the purview of the ordinance entitled "An Ordinance Authorizing the Regulations of Rents * * * Designating a Public Officer and Defining his Duties * * *."
Martini has been serving since August 7, 1969.
The court will now deal with plaintiff's contention that the new public officer should have been designated by the city manager rather than the city council in August 1969. He grounds this contention on the Administrative Code of Passaic (Ordinance No. 1-67), which was adopted pursuant to the Optional Municipal Charter Law, and specifically upon N.J.S.A. 40:69A-95(c) which gives broad powers of appointment to the city manager.
There is no doubt that both N.J.S.A. 40:69A-95(c) and the Administrative Code indicate sweeping powers, including the power of appointment generally, in the city manager to the exclusion of the city council. However, it is the opinion of the court that the controlling factor must be N.J.S.A. 2A:42-74 et seq., which is the enabling legislation for municipal rent control. N.J.S.A. 2A:42-75(a) provides:
"Public Officer" shall mean the officer, officers, board or body who is or are authorized by ordinances adopted hereunder to exercise the powers prescribed by such ordinances and by this act. [Italics supplied]
The above-quoted subsection clearly states that the public officer shall be authorized by ordinances. It is a well-settled rule that full effect must be given to every word of a statute, and that it cannot be assumed that the Legislature used meaningless language. Gabin v. Skyline Cabana Club, 54 N.J. 550 (1969). The statute uses the word "ordinances," and a city manager cannot enact an ordinance. Only the appropriate governing body can do so, and under the form *62 of government of the City of Passaic, the city council is the governing body. Thus, the power of designation of the public officer must be held to reside with the city council and not the city manager.
It should also be noted that the Optional Municipal Charter Law upon which plaintiff relies antedates the rent control enabling legislation by 16 years, the former having been enacted in 1950 and the latter in 1966. It has often been held that the Legislature is presumed to be aware of its own enactments, and that subsequent laws are made with knowledge of previous ones. Wilson v. Robert A. Stretch, Inc., 44 N.J. Super. 52 (Ch. Div. 1957); Eckert v. N.J. State Highway Department, 1 N.J. 474 (1949); Goldberg & Co. v. Division of Employment Security, 21 N.J. 107 (1956). It is also recognized that "where there is a seeming conflict between a general statute and a specific statute covering a subject in a more minute and definite way, the latter shall prevail over the former and will be considered an exception to the general statute." Goff v. Hunt, 6 N.J. 600 (1951). See also Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 165 (1949).
There is a more troublesome question not originally raised by plaintiff, but on which the court has requested the parties to submit briefs. That question revolves around the fact that the city clerk was designated as the public officer by resolution of the city council rather than by ordinance of that body.
It is well settled that when a statute provides that an action be taken by ordinance, a mere resolution will not suffice. Chasis v. Tumulty, 8 N.J. 147, 153 (1951); Roselle v. South Orange, 21 N.J. Super. 598 (App. Div. 1952); Mc Laughlin v. Millville, 110 N.J. Super. 200 (Law Div. 1970). However, in the instant case, an ordinance was enacted which designates the public officer as the assistant health officer of Passaic "or any other city employee so designated by resolution adopted by the Board of Commissioners." Defendants now contend that since the resolution *63 in question was an outgrowth of the ordinance and was authorized by the ordinance, the action taken pursuant to the resolution should be held valid. In support of this contention, defendants cite Kanter v. Passaic, 107 N.J. Super. 556 (Law Div. 1969).
It is true that in Kanter there is some discussion by the court as to the validity of an ordinance which provides for its own amendment by subsequent resolution. However, the court after such discussion specifically stated that the issue was "rendered moot" because Passaic could rely on a corrective ordinance enacted by the city subsequent to the resolution. This court is of the opinion that if Passaic believes that it can properly adopt a general pattern of providing for the subsequent amendment of ordinances by resolutions, it should be disabused of that belief  especially in a case such as this where the enabling act itself demands an ordinance as to all essential elements.
An extended discussion of the difference between an ordinance and a resolution is not necessary. Suffice it to say that the former provides more adequate protection to the public because it requires publication and an opportunity for the public to be heard. The enabling act, N.J.S.A. 2A:42-74 et seq., calls for the ordinance route, and its intent should not be permitted to be disregarded.
In a preliminary opinion in this matter this court suggested that the city "might well consider taking immediate steps to designate a public officer by ordinance in order to obviate any further question." Since plaintiff has conceded that the rent control activities of the city clerk were performed under color of office and has abandoned his request to have the city clerk's actions declared null and void, the court believes that the city should still have a short additional time to enact a proper amendatory ordinance if it wishes to do so.
The city has adopted a rent control ordinance and apparently wishes to continue its operation. The ordinance serves the valuable social purpose of impelling an owner of *64 substandard multiple-dwelling property either to repair it or collect lesser rents. Obviously, the program cannot function without an officer to administer it. The court will give the city 60 additional days to designate the public officer of its choice properly by amendment to its original ordinance.
As to the contents of the amendment, it should not designate an individual by name, as the resolution in question attempted to do. In order to comply fully with the statutory requirements, it should designate a public officer by title since this appears to be the intention of the Legislature in its definition of the term "Public Officer" in N.J.S.A. 2A:42-75(a).
The court must still deal with the problem of what the status of the matter will be in the event that the city does not act within 60 days. Plaintiff's attorney seeks to have the position of public officer declared vacant. However, the rent control ordinance of November 22, 1966 designates the assistant health officer as public officer. Therefore, if the city does not take action within 60 days, the duties of public officer will devolve upon the assistant health officer serving at such time or whoever may be properly designated as assistant health officer in the future.
In view of the foregoing, plaintiff's attorney shall submit an order accordingly. The 60-day period hereinabove referred to shall run from the date of the signing of such order.